UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NED CHARLES MCNULTY, II,

        Plaintiff,

v.                                                                Case No. 22-cv-1139-bhl

TED GLORIOSO and DOE SECURITY GUARD,

        Defendant.

## ORDER

On September 29, 2022, Plaintiff Ned Charles McNulty II, proceeding without counsel, filed a complaint and a motion for leave to proceed without prepayment of the filing fee. (ECF Nos. 1 & 2.) The Court has authority to allow a litigant to proceed without prepaying the filing fee if the Court determines that the litigant is unable to pay the costs of commencing the action and the action is not frivolous, fails to state a claim, or is brought against an immune defendant. *Cf.* 28 U.S.C. § 1915(a)(1), (e)(2).

With respect to his indigency, McNulty's motion indicates that he is unemployed, receives no income, and has no property. (ECF No. 2 at 1–4.) The motion further states that McNulty has no monthly expenses. (*Id.* at 2–3.) On these facts, it appears that McNulty is sufficiently indigent for a fee waiver.

The Court must also review the complaint for sufficiency. Under Fed. R. Civ. P. 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." McNulty alleges that Ted Glorioso asked McNulty to leave Glorioso's establishment on July 10, 2020. (ECF No. 1 at 2.) McNulty further alleges that Glorioso called "the transit authority" and told them that McNulty had "feces over [him]," resulting in the transit authority's security guard prohibiting McNulty from boarding the bus. (*Id.* at 2–3.) McNulty checked a box indicating he is suing for a violation of federal law, but does not allege any specific cause of action or legal theory on which he seeks to hold either defendant liable. (*See id.*) Accordingly, his allegations are insufficient to support a claim for relief.

A complaint satisfies Fed. R. Civ. P. 8 when it provides a "short and plain statement of the claim showing that the pleader is entitled to relief" and provides a defendant with "fair notice" of the claim. *See Bell Atlantic Corp v. Twombly*, 550 U.S. 544 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff need not provide "detailed factual allegations," but "labels and conclusions, and a formal recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

McNulty's complaint falls well short of these requirements. McNulty merely alleges that he purchased a cup of coffee at Glorioso's and sat outside the establishment reading a book and smoking a cigarette when Ted Glorioso told him to leave the area immediately. (ECF No. 1 at 2.) McNulty also alleges that Glorioso called the "transit authority," telling them that McNulty had "feces over" him, which subsequently meant the security guard would not allow McNulty on the bus. (*Id.* at 2–3.) Although McNulty names Glorioso and a Doe Security Guard, he does not include any specific allegations about anything they did or did not do that would have violated federal law. To the extent McNulty seeks to assert a claim under 42 U.S.C. § 1983, for example, McNulty fails to allege that either Defendant took any action to deprive him of his constitutional rights. *See Williams v. Shah*, 927 F.3d 476, 482 (7th Cir. 2019) (holding that, to be liable, a defendant must have been personally responsible for the deprivation of a constitutional right). Nor does McNulty allege facts from which it could reasonably be inferred that Glorioso or the Doe Security Guard acted under color of state law, which is also a requirement for a claim under Section 1983. *See* 42 U.S.C § 1983; *DiDonato v. Panatera*, 24 F.4th 1156, 1159 (7th Cir. 2022) ("The traditional understanding of what it means for an official to act 'under color of state law' encompasses misconduct by officials exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'") (quoting *West v. Adkins*, 487 U.S. 42, 49 (1988)).

While *pro se* pleadings are held to a less stringent standard than those drafted by lawyers, *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015), the allegations in the complaint do not provide Defendants Glorioso and Doe Security Guard with sufficient notice for what legal claims they must defend or plausibly allege that either violated McNulty's rights. McNulty's complaint therefore must be dismissed for failure to state a claim upon which relief may be granted.

Accordingly,

**IT IS HEREBY ORDERED** that McNulty's motion for leave to proceed without prepayment of the filing fee, ECF No. 2, is **GRANTED**.

**IT IS FURTHER ORDERED** that if McNulty wishes to proceed with this lawsuit, he must file an amended complaint. The amended complaint should state in greater detail the basis for McNulty's claims, including facts that would support a finding that Glorioso and Doe Security Guard violated McNulty's rights. An amended complaint must be filed with the Court on or before **November 11, 2022**. If the Court does not receive McNulty's amended complaint by that date, the case will be dismissed for McNulty's failure to prosecute pursuant to Civil L. R. 41(c).

Dated at Milwaukee, Wisconsin on October 12, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge