UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NED CHARLES MCNULTY, II,

        Plaintiff,

v.                                                    Case No. 22-cv-1139-bhl

TED GLORIOSO and DOE SECURITY GUARD,

        Defendant.

## ORDER

On September 29, 2022, Plaintiff Ned Charles McNulty II, proceeding without counsel, filed a complaint and a motion for leave to proceed without prepayment of the filing fee. (ECF Nos. 1 & 2.) The Court has authority to allow a litigant to proceed without prepaying the filing fee if the Court determines that the litigant is unable to pay the costs of commencing the action and the action is not frivolous, fails to state a claim, or is brought against an immune defendant. *Cf.* 28 U.S.C. § 1915(a)(1), (e)(2). On October 12, 2022, the Court found that McNulty met the requirements for a fee waiver, but in screening the complaint for sufficiency, found that McNulty failed to state a claim upon which relief can be granted. (ECF No. 5.) As a result, the Court ordered McNulty to file an amended complaint prior to November 11, 2022 if McNulty wished to proceed with this suit. (*Id.*) McNulty timely filed an amended complaint providing more information about his claims. (ECF No. 6.) The Court will now screen his amended complaint.

McNulty's amended complaint alleges that on July 10, 2020, McNulty sat outside at a coffee house on Brady Street drinking coffee. (ECF No. 6 at 1.) This coffee house was owned by Ted Glorioso. (ECF No. 1 at 2.) At some point, McNulty stood up, and when he did, his diabetes medication caused a sudden bowel movement. (ECF No. 6 at 1.) This left a stain the size of a quarter in his shorts. (*Id.*) Glorioso then "slandered" McNulty by asking him to leave and telling the transit authority that McNulty had "feces all over" him. (*Id.*; ECF No. 1 at 2–3.) The security guard for the transit authority subsequently would not allow McNulty to board the bus, which McNulty wanted to do to go home to change. (ECF No. 6 at 1.) The security guard—whom

McNulty says is Black—told McNulty's "WCS social worker" Dolce Torres and "DHS social worker" Courtney Brooks about the incident, and Brooks ultimately revoked McNulty's conditional release from Mendota Mental Health Institute.[1] (*Id.* at 1–2; ECF No. 1 at 2.) As a result of the events on July 10, McNulty spent the next several months in the Milwaukee County Jail as he waited for a hearing. (ECF No. 6 at 1.) McNulty further alleges that Brooks forged his signature on a defendant's statement on July 14, 2020. (*Id.* at 2.) McNulty never met Brooks, only spoke to her on the phone. (*Id.*) McNulty says he "could tell she was black." (*Id.*) McNulty eventually saw a judge on December 10, 2020, and returned to Mendota on January 4, 2021 where he has resided since. (*Id.*)

As far as his legal claims, McNulty alleges that he has "the right to enjoy [his] coffee in peace, without harassment." (ECF No. 6 at 1.) He further alleges that Brooks engaged in "malfeasance in public office." (*Id.* at 2.) In McNulty's perspective, he would not be in his current situation without Ted Glorioso's slanderous statements, the security guard's refusal to let him board the bus, and Torres and Brooks's actions. (*Id.*)

Under Fed. R. Civ. P. 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A complaint satisfies this rule when it provides a "short and plain statement of the claim showing that the pleader is entitled to relief" and provides a defendant with "fair notice" of the claim. *See Bell Atlantic Corp v. Twombly*, 550 U.S. 544 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff need not provide "detailed factual allegations," but "labels and conclusions, and a formal recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

---

[1] The Court notes that these allegations are strikingly similar to allegations McNulty made in a previous case filed in this Court. *See McNulty v. Brooks*, No. 21-C-565, 2021 WL 2635880, at *1–2 (E.D. Wis. June 25, 2021). In that case, which was also dismissed, McNulty likewise alleged that a DHS social worker gave a perjured statement on July 14, 2020 and that his group home owner lied to the security guard for a transit company. *Id.* And McNulty named "DHS Courtney Brooks" and "WCS Dolce Torres" as defendants in that case too. *Id.* at *1.

McNulty's amended complaint again falls short of these requirements. The amended complaint's legal assertions are the "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" held inadequate by *Iqbal*. 556 U.S. at 678. Although McNulty names Glorioso and a Doe Security Guard and adds Brooks and Torres, he does not include any specific allegations about anything they did or did not do that would have violated federal law. To the extent McNulty seeks to assert a claim under 42 U.S.C. § 1983, for example, McNulty fails to allege that Glorioso, Doe, Torres, or Brooks took any action to deprive him of any specific constitutional right. *See Williams v. Shah*, 927 F.3d 476, 482 (7th Cir. 2019) (holding that, to be liable, a defendant must have been personally responsible for the deprivation of a constitutional right); *Milchtein v. Milwaukee Cnty.*, 42 F.4th 814, 824 (7th Cir. 2022) ("An allegation that a group of defendants is liable 'without any details about who did what' [to violate a constitutional right] does not state a claim for relief.") (quoting *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013)).

Nor does McNulty allege facts from which it could reasonably be inferred that any defendant acted under color of state law, which is also a requirement for a claim under Section 1983. *See* 42 U.S.C § 1983; *DiDonato v. Panatera*, 24 F.4th 1156, 1159 (7th Cir. 2022) ("The traditional understanding of what it means for an official to act 'under color of state law' encompasses misconduct by officials exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'") (quoting *West v. Adkins*, 487 U.S. 42, 49 (1988)). While McNulty mentions Brooks and Torres are DHS and WCS employees, this is not enough to meet the color of law requirement for Section 1983. *See DiDonato*, 24 F.4th at 1160 ("[I]t is equally well settled that a 'mere assertion that one is a state officer does not necessarily mean that one acts under color of state law.'") (quoting *Gibson v. City of Chicago*, 910 F.2d 1510, 1516 (7th Cir. 1990)). Determining whether an individual acted under color of state law largely turns on the nature of their specific actions. *Id.* (citing *Pickrel v. City of Springfield*, 45 F.3d 1115, 1118 (7th Cir. 1995). Without allegations regarding the specific actions taken to deprive McNulty of a constitutional right, McNulty's amended complaint does not suggest beyond mere speculation that the defendants invoked state authority to facilitate their alleged misconduct. *See id.* at 1161; *Twombly*, 550 U.S. at 556.

While *pro se* pleadings are held to a less stringent standard than those drafted by lawyers, *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015), the allegations in the complaint do not provide the defendants with sufficient notice for what legal claims they must defend or plausibly allege

that either violated McNulty's rights.  McNulty's complaint therefore must be dismissed for failure to state a claim upon which relief may be granted.  Having given McNulty one chance to amend to assert cognizable claims, and McNulty having submitted a revised pleading that still fundamentally fails to identify causes of action or facts supporting valid claims, the Court concludes that offering further opportunities would be futile and will therefore now dismiss the complaint with prejudice.  *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago and Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015) ("[A] plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try and amend [his] complaint before the entire action is dismissed."); *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (noting extra chances are not limitless, because the Court has "'broad discretion to deny leave to amend'" for a number of reasons, including "repeated failure to cure deficiencies.'") (quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008)).

Accordingly,

**IT IS ORDERED** that this action be **DISMISSED without prejudice**; and

**IT IS FURTHER ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) be **DENIED as moot**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on October 28, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge